Charles BURNS et al.

v.

MOORLAND FARM CONDOMINIUM ASSOCIATION et al.

No. 2011–108–APPEAL.

Supreme Court of Rhode Island.

March 11, 2014.

William P. Grimm, Esq.

Michael G. Sarli, Esq.

### ORDER

In the second of two appeals that arose out of this declaratory-judgment action, the individual owners of ten condominium units appeal from a Superior Court order denying their post-trial motion to intervene.[1] The action in which the proposed intervenors sought to participate originated from a complaint filed by the plaintiffs against the Moorland Farm Condominium Association (association). Final judgment entered in the plaintiffs' favor on their declaratory-judgment claim on October 1, 2010. Thereafter, on October 7, 2010, the proposed intervenors moved pursuant to Rule 24(a) of the Superior Court Rules of Civil Procedure to intervene in the litigation. In a bench decision rendered on November 19, 2010, a Superior Court trial justice denied the motion to intervene. An order to that effect entered on January 20, 2011.[2]

On appeal, the proposed intervenors request that this Court vacate the underlying judgment and dismiss the case. In effect, however, we have already granted the relief that the proposed intervenors are requesting. In the first of these two appeals, Burns v. Moorland Farm Condominium Association, No.2011–107–A., 86 A.3d 354, 2014 WL 904204 (R.I., filed Mar. 10, 2014), we granted the association's appeal from the judgment. In that decision, we concluded that the proposed intervenors were indispensable parties in plaintiffs' declaratory-judgment action. We held that plaintiffs' failure to join the proposed intervenors as parties in the litigation rendered the judgment null and void. We therefore ordered that the judgment be vacated and the case dismissed without prejudice.

In light of our decision in the association's appeal, a resolution of the merits of the proposed intervenors' appeal will not have any practical effect on the underlying controversy. Accordingly, this appeal is moot. See Boyer v. Bedrosian, 57 A.3d 259, 272 (R.I.2012) ("A case is moot if * * * the [C]ourt's judgment would fail to have any practical effect on the controver-

1. A detailed recitation of the facts in this matter is provided in this Court's decision in the first of these two related appeals, Burns v. Moorland Farm Condominium Association, No.2011–107–A., 86 A.3d 354, 2014 WL 904204 (R.I., filed Mar. 10, 2014).

2. The proposed intervenors additionally moved for a new trial and to set aside the judgment. Both of these motions were also denied.

sy."). For the foregoing reasons, the instant appeal is denied and dismissed.

Chief Justice SUTTELL did not participate.

